**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MACKINAW CITY CHAMBER OF
TOURISM, INC., a Michigan corporation,

    Plaintiff,

vs.

ANTHONY NARDONE, an individual,
MACKINAW CITY CHAMBER OF
TRAVEL AND TOURISM, INC., a
Michigan corp., ENRICO NARDONE
MOTEL, INC., a Michigan corp., RICO
ENTERPRISES, INC., a Michigan corp.,
and CYRILLIC SOFTWARE, INC., a
Michigan corporation,

    Defendants.
    _____/

CASE NO: 07-14571

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## **ORDER STRIKING ANSWER AND DIRECTING DEFENDANT TO RETAIN COUNSEL**

> This order is entered under the authority given to this Magistrate
> Judge by an Order of Reference issued by District Judge Ludington
> pursuant to 28 U.S.C. § 636(b)(1)(A).

This action was filed October 25, 2007. On December 7, 2007, an Answer was filed on behalf of Defendant Cyrillic Software which had been signed by Milos Koscica. This answer must be stricken.

> It has been the law for the better part of two centuries that a corporation may appear in the federal courts only through licensed counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) (citing *Osborn v. President of Bank of United States*, 22 U.S. (9 Wheat.) 738, 829, 6 L. Ed. 204 (1824)). Although other parties may appear *pro se* under 28 U.S.C. § 1654, corporations may not; a corporation is a legal entity with an independent legal existence unto its own, separate from the interest of its president and founder. *Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook County*, 543 F.2d 32, 34 (7th Cir. 1976) (per curiam). Defendant's attempted answer, signed by a non-attorney, therefore cannot stand.

*Operating Engineers Local 139 Health Benefit Fund v. Rawson Plumbing, Inc.,* 130 F. Supp. 2d 1022, 1023 (E.D. Wis. 2001). The rule requiring representation by a licensed attorney

applies to all artificial entities, including limited liability companies (LLCs). *See Roscoe v. U.S.*, 134 Fed. App'x 226, 227 (10th C ir. 2005); *Martin v. Directors Guild of America*, 2006 WL 1351650 (D. Colo. May 16, 2006); *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, *294 (Bankr. N.D. Ohio 2001) ("whether an LLC is viewed as a corporation or a partnership or a hybrid, it may only appear in court through an attorney").

Therefore, the answer filed on behalf of Defendant Cyrillic Software, Inc., cannot stand. **IT IS ORDERED** that the Answer (Dkt. 7) be **stricken and the image removed** from the Court's electronic docket.

**IT IS FURTHER ORDERED** that Defendant Cyrillic Software, Inc., appear through licensed counsel and file it's answer to the Complaint on or before **February 15, 2008**. Failure to comply with this Order will result in the issuance of a report and recommendation that a default judgment be entered as to Defendant Cyrillic Software.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

                                          s/ *Charles E. Binder*
                                          CHARLES E. BINDER
Dated: January 14, 2008                 United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Jason Abel, John Allen, Brion Doyle, Timothy Eagle, Michael Lisi and Gregory Mair, served on Cyrillic Software, Inc., through Milos Koscica by first class mail, and served on District Judge Ludington in the traditional manner.

Date: January 14, 2008                  By     s/Jean L. Broucek
                                                  Case Manager to Magistrate Judge Binder